# Exhibit "A"

# Exhibit "A"

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO, 2022-CA-002001-XXXX-MB

TYRONE WOODS,

    Plaintiff,

 v.

HART ABACOA, LLC., and
RANGEWATER RESIDENTIAL, LLC

    Defendants.

_____

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, and hereby sues, Defendants and alleges as follows:

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars yet is uncertain whether it exceeds $75,000.

2. The Plaintiff is a resident of Palm Beach County and, at all times material hereto, was and is sui juris.

3. The Defendant HART ABACOA, LLC is a Foreign Limited Liability Company and is subject to the jurisdiction of this Court.

4. The Defendant RANGEWATER RESIDENTIAL, LLC is a Foreign Limited Liability Company and is subject to the jurisdiction of this Court.

## COUNT I - NEGLIGENCE AGAINST HART ABACOA, LLC.

5. The Plaintiff incorporates all of the allegations contained in Paragraphs 1-4 above as if fully set forth herein.

6. On or about August 29th, 2020, the Defendant owned, maintained, and/or operated

the property located at or near 815 Promenade Way in Palm Beach County which is hereinafter referred to as "the premises".

7. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping and falling on the wet floor because of the Defendant's negligent acts.

8. Defendant by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

   A. By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

   B. By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

   C. By negligently failing to warn the Plaintiff of a dangerous condition (a hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

   D. Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

   E. The condition occurred with such regularity that Defendant knew or should have known of its existence.

9. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 7(A-E), as aforesaid, the. Plaintiff,

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

**COUNT II - NEGLIGENCE AGAINST RANGEWATER RESIDENTIAL, LLC**

10. The Plaintiff incorporates all of the allegations contained in Paragraphs 1-4 above as if fully set forth herein.

11. On or about August $29^{tl-}$, 2020, the Defendant owned, maintained, and/or operated the property located at or near 815 Promenade Way in Palm Beach County which is hereinafter referred to as "the premises".

12. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping and falling on the wet floor because of the Defendant's negligent acts.

13. Defendant by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

   A. By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

   B. By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff, and

  C. By negligently failing to warn the Plaintiff of a dangerous condition (a hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

  D. Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

  E. The condition occurred with such regularity that Defendant knew or should have known of its existence.

14. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 7(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendants costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

[CERTIFICATE OF SERVICE ON NEXT PAGE]

**CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing was served together with a Request for Production, Interrogatories, anc Summons.

> WOLFSON *&* LEON
> Attorneys for Plaintiff
> 3399 S.W. 3rd Avenue
> Miami, FL 33145
> Telephone (305) 285-1115
> Facsimile (305) 285-1608
> eservice5@wolfsonlawfirm.com
>
>       /s/ Diana Usten
> By: _____
>   DIANA USTEN, ESQ.
>   FLA. BAR NO. 1032823

# Exhibit "B"

DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Search by Entity Name /

# Detail by Entity Name

Foreign Limited Liability Company
HART ABACOA, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | M15000000344 |
| **FEI/EIN Number** | 0 77-0672767 |
| **Date Filed** | 05/04/2015 DE |
| **State** | ACTIVE |
| **Status** | REINSTATEMENT |
| **Last Event** | 10/27/2016 |
| **Event Date Filed** | |

**Principal Address**

% HEITMAN CAPITAL MANAGEMENT LLC
191 N WACKER DR- STE 2500
CHICAGO, IL 60606

**Mailing Address**

% HEITMAN CAPITAL MANAGEMENT LLC
191 N WACKER DR- STE 2500
CHICAGO, IL 60606

**Registered Agent Name & Address**

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Name Changed: 10/27/2016

**Authorized Person(s) Detail**

**Name & Address**

Title MBR

HEITMAN AMERICA REAL ESTATE HOLDINGS L.P.
% 191 N WACKER DR - STE 2500 LLC
CHICAGO, IL 60606

Title P

TOGNARELLI, MAURY R
% HEITMAN CAPITAL MANAGEMENT LLC
191 N WACKER DR - STE 2500
CHICAGO, IL 60606

Title EVP, S

MCCARTHY, THOMAS D
% HEITMAN CAPITAL MANAGEMENT LLC
191 N WACKER DR - STE 2500
CHICAGO, IL 60606

Title CFO, T, AS

CHRISTENSEN, LAWRENCE J
% HEITMAN CAPITAL MANAGEMENT LLC
191 N WACKER DR - STE 2500
CHICAGO, IL 60606

Title SVP

KRASS, AMY
% HEITMAN CAPITAL MANAGEMENT LLC
191 N WACKER DR - STE 2500
CHICAGO, IL 60606

### Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2021 | 04/21/2021 |
| 2022 | 04/19/2022 |
| 2023 | 04/20/2023 |

### Document Images

| | |
| --- | --- |
| 04/20/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/19/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2021 -- ANNUAL REPORT | View image in PDF format |
| 06/29/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2019 -- ANNUAL REPORT | View image in PDF format |
| 04/18/2018 -- ANNUAL REPORT | View image in PDF format |
| 04/27/2017 -- ANNUAL REPORT | View image in PDF format |

| 10/27/2016 -- REINSTATEMENT | View image in PDF format | |
| 05/04/2015 -- Foreign Limited | View image in PDF format | |

Florida Department of State, Division of Corporations

# Exhibit "C"



GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
BRAD RAFFENSPERGER

HOME (/)

# BUSINESS SEARCH

## BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **RangeWater Residential, LLC** |
| Control Number: | **10055042** |
| Business Type: | **Domestic Limited Liability Company** |
| Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** |
| Principal Office Address: | **5605 Glenridge Dr. NE, Suite 800, Atlanta, GA, 30342, USA** |
| Date of Formation / Registration Date: | **8/5/2010** |
| State of Formation: | **Georgia** |
| Last Annual Registration Year: | **2023** |

## REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **C T CORPORATION SYSTEM** |
| Physical Address: | **289 S Culver St, Lawrenceville, GA, 30046-4805, USA** |
| County: | **Gwinnett** |

Back        Filing History        Name History

Return to Business Search

https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx Business Search - Business Information - Business Entities - Business - Division of Corporations - State of Delaware 1/1

# Exhibit "D"

Filing # 145019382 E-Filed 03/03/2022 03:31:06 PM

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   CASE STYLE

<u>TYRONE WOODS</u>
Plaintiff

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u> JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u> COUNTY, FLORIDA

Case # _____
Judge _____

vs.

<u>HEITMAN LLC</u>
Defendant

II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

❑ $8,000 or less
❑ $8,001 - $30,000
❑ $30,001 - $50,000
❑ $50,001 - $75,000
▪ $75,001 - $100,000
❑ over $100,000.00

III. TYPE OF CASE       (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

CIRCUIT CIVIL

El Condominium
El Contracts and indebtedness
El Eminent domain
El Auto negligence
z Negligence—other
    El Business governance
    El Business torts
    El Environmental/Toxic tort
    El Third party indemnification
    El Construction defect
    El Mass tort
    El Negligent security
    El Nursing home negligence
    z Premises liability—commercial
    El Premises liability—residential
El Products liability
El Real Property/Mortgage foreclosure
    El Commercial foreclosure
    El Homestead residential foreclosure
    El Non-homestead residential foreclosure
        El Other real property actions

El Professional malpractice
    El Malpractice—business A
    El Malpractice—medical
    El Malpractice—other prAlhipdnal
El Other
    El Antitrust/Trade regulation
    El Business transactions
    El Constitutional challenge—statute or ordinance
    El Constitutional challenge—proposed amendment
    El Corporate trusts
    El Discrimination—employment or other
    El Insurance claims
    El Intellectual property
    El Libel/Slander
    El Shareholder derivative action
    El Securities litigation
    El Trade secrets
    El Trust litigation

COUNTY CIVIL

❍ Small Claims up to $8,000
❍ Civil
❍ Real property/Mortgage foreclosure

❍ Replevins
❍ Evictions
　　❍ Residential Evictions
　　❍ Non-residential Evictions
❍ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by Administrative Order. Yes ❍ No ☒

 IV. REMEDIES SOUGHT (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;

☐ Punitive

 V. NUMBER OF CAUSES OF ACTION: [ ]
(Specify)

 1

 VI. IS THIS CASE A CLASS ACTION LAWSUIT?
  ☐ yes

  ☒ no

 VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

 VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?
  ☒ yes

  ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jonah M Wolfson    Fla. Bar # 498130
   Attorney or party      (Bar # if attorney)

Jonah M Wolfson      03/03/2022
(type or print name)     Date

– 3 –